IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM DALE SMITH,

       Plaintiff,                  No. CIV S-12-0754 GEB CKD PS

   vs.

UNITED STATES,

       Defendant.           ORDER

_____/

       Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

1  Plaintiff is advised that the first amended complaint suffers from the same infirmities evident in
2  the original complaint.  No proper basis of subject matter jurisdiction is alleged.  The claims are
3  utterly incomprehensible.  Plaintiff is cautioned that if a second amended complaint contains
4  similar unintelligible allegations, this action will be dismissed.
5             In addition, plaintiff is informed that the court cannot refer to a prior pleading in
6  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
7  amended complaint be complete in itself without reference to any prior pleading.  This is
8  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
9  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
10 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
11 original complaint, each claim and the involvement of each defendant must be sufficiently
12 alleged.
13            In accordance with the above, IT IS HEREBY ORDERED that:
14            1. Plaintiff's first amended complaint is dismissed; and
15            2. Plaintiff is granted thirty days from the date of service of this order to file a
16 second amended complaint that complies with the requirements of the Federal Rules of Civil
17 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
18 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
19 an original and two copies of the second amended complaint; failure to file a second amended
20 complaint in accordance with this order will result in a recommendation that this action be
21 dismissed.
22 Dated: April 16, 2012
23                                      _____
24                                      CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE
25
26 4 - smith-usa3.lta